E-FILED
Monday, 26 October, 2026 09:59:43 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-CR-10044 |
| | ) | |
| JONATHAN T. VAUGHN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PROTECTIVE ORDER REGARDING**
**USE OF PRETRIAL DISCOVERY MATERIALS**

This matter coming before the court upon the Joint Motion of the Parties for a Protective Order Regarding Use of Pretrial Discovery Materials, IT IS HEREBY ORDERED:

1. All discovery materials provided by the United States in this case (collectively, "the materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, absent further order of this Court.

2. Defendant and defendant's counsel shall not disclose the materials or their contents, directly or indirectly, to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential

witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure. Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense but may not retain copies without prior permission of the Court.

3. Certain materials disclosed or to be disclosed by the government may contain particularly sensitive information, including information relating to medical health, mental health, finances, taxes, confidential business matters, and sexual abuse. No discovery materials, the information contained therein, nor copies of such materials may be disclosed to any person other than the defendant, counsel for the defendant, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, absent prior notice to the government and authorization from the Court. Moreover, absent prior permission from the Court, such information (other than taxpayer or other sensitive information relating solely to the defendant filing the document in question) shall only be filed with the Court under seal.

4. Discovery materials shall be kept in the possession and control of defense counsel or its agent at all times.

5. Discovery materials shall not be photocopied, recorded, imaged, or

otherwise copied, except a single copy for use by defense counsel and a single copy for use by each of its agents, provided, however, that no watermark or Bates Labels shall be removed, destroyed, or altered in any matter.

6. The restrictions set forth in this Order do not apply to documents that are, or become, part of the public court record, including documents that have been received in evidence at trial, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, other than the requirement that sensitive information as described in Paragraph 3 must be filed under seal.

7. Upon conclusion of all stages of this case, unless otherwise ordered by the Court, all of the materials and all copies shall be: (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's file. Materials that are retained by defense counsel are subject to this Order and are to be maintained under the terms of this Order under further Order of the Court.

8. Nothing in this Order shall preclude any party from applying to this Court for future relief or for modification of any provision hereof.

ENTERED this 26th day of October 2026.

s/ Jonathan E. Hawley

JONATHAN E. HAWLEY
UNITED STATES DISTRICT JUDGE